## Lynch vs. Austin and another.

*January 15 — February 8, 1881.*

### Novation of Contract.

A novation of contract can only be made by mutual consent of all the parties; and it was error in this case to instruct the jury (in substance) that if, at plaintiff's request, defendants credited their debtor, L., with the amount then due plaintiff from them, that was a payment of their debt to plaintiff, *even though L. did not become liable to him.*

APPEAL from the Circuit Court for *Clark* County.

Under a contract with a certain building committee of a church society, the defendants erected an edifice for the society, and the plaintiff did work thereon for the defendants to the value of $70. Of this sum only five dollars has been paid. The plaintiff brought this action before a justice of the peace for the balance, and recovered a part of his claim. The defendants appealed to the circuit court, and filed an amended answer. The answer admits that plaintiff performed the labor for them on the church to the value of $70. It avers payment, and also that Thomas Kerns and Emery Bruley, among others, were indebted to the defendants, on account of building such church edifice, in a sum exceeding the plaintiff's demand, and that it was mutually agreed, by and between the plaintiff, the defendants and Kerns and Bruley, that the latter should pay the plaintiff's claim, and the amount thereof should

be credited to them by the defendants on their account for building such church edifice; and further, that such credit was given and allowed to the church committee (of which Kerns and Bruley were members), in the final settlement between the committee and the defendants — all with the knowledge and assent of the plaintiff. A trial in the circuit court resulted in a verdict for the defendants. The testimony and rulings on the trial are sufficiently stated in the opinion. The plaintiff appealed from a judgment entered pursuant to the verdict.

*James O'Neill*, for the appellant.

For the respondents there was a brief by *Ring & Youmans*, and oral argument by *Mr. Ring*.

LYON, J. The evidence is all directed to the issue of novation made by the answer. Independently of the evidence on that issue, there is none tending to prove payment of the plaintiff's demand. Unless, therefore, a valid novation was established, the plaintiff should have recovered. The defendant *Austin* testified to the novation as follows: " Kerns and Bruley agreed to pay the claim, and *Lynch* agreed to take them for payment, and I credited Kerns and Bruley with the amount of $70." The defendant *Montgomery* testified that the plaintiff said to him that he (the plaintiff) could get his money out of the committee, and again, that he would take the committee for his claim. On the other hand, Kerns and Bruley testified that they never agreed to pay the plaintiff, and they deny that in their settlement the defendants allowed them the amount of plaintiff's demand. The plaintiff denies that he ever released the defendants from payment of his demand. The issue being whether there was a valid novation, and the testimony being directly in conflict, it became important that the law of novation should be correctly given to the jury. The court instructed the jury, in substance, that if the defendants, by the direction of plaintiff, credited the $70 to Kerns

Lynch vs. Austin and another.

and Bruley or the church committee, it was a payment thereof, and the plaintiff could not recover; and that it was not important whether the plaintiff could recover the amount of Kerns and Bruley or not. We think these instructions are erroneous. Novation means simply the substitution of one debtor for another; and unless the arrangement between the parties went to the extent of binding Kerns and Bruley, or the church committee which they represented, to pay the debt of the defendants, it was not a good novation and the defendants are not discharged. This is elementary. Of course, if a creditor direct his debtor to pay the debt to a third person, and he does so, the debt is thereby discharged. But this is not such a case. All the evidence tending to show that the plaintiff directed the defendants to give Kerns and Bruley, or the church committee, credit for the $70, shows that such direction was inseparably connected with the alleged novation — was, indeed, part and parcel of it. No independent direction to that effect is testified to. Failing the novation, therefore, the alleged direction ceases to be significant.

Under the pleadings and evidence, we think that the vital controverted question of fact in the case is, whether, by mutual agreement between all parties, Kerns and Bruley, or the committee, were substituted for the defendants, as debtors to the plaintiff, in respect to the demand upon which this action was brought. That question was not submitted to the jury, but they were told that it was immaterial. For this error the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.*—So ordered.