JOHN J. MULGREW v. ELLEN G. COCHAREN, SURVIVOR OF HERSELF AND ALEXANDER COCHAREN.

*Novation—Evidence.*

1. Where there is some evidence justifying a finding that a nova-tion has taken place, whereby the defendant has been released

from liability, it is not error to submit that question to the jury.

2. Where the owner of a vessel, after mortgaging it to secure the payment of his note, sells it to a third party subject to the mortgage, and the purchaser agrees to pay the note and mortgage as a part of the purchase price, and that the mortgagor shall be released from all further liability thereon, all of which is assented to by the mortgagee, a complete novation is effected.

Error to Muskegon. (Dickerman, J.) Argued June 13, 1893. Decided July 25, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*DeLong & O'Hara,* for appellant.

*Brown & Lovelace,* for defendant.

LONG, J. This is an action on a promissory note. Defendant, under her plea of the general issue, gave notice that at the time of the giving of the note, and as a part of the same transaction, defendants gave to the plaintiff a mortgage upon a schooner for the same amount as the note, the mortgage being given to secure it; that, after the giving of the note and mortgage, the defendants executed and delivered a bill of sale of the schooner to one Darius N. Avery; that it was understood and agreed between the defendants, the said Avery, and the plaintiff, who was then the owner and holder of the note as well as the mortgage, that the bill of sale to Avery should be subject to the mortgage, and, as a part of the consideration of said bill of sale, that said Avery should pay the note and mortgage, and defendants should be released and discharged from further liability thereon, the said Avery being substituted in the place of said defendants, and becoming in law thereby a new party in place of defendants, as the debtor of the plaintiff.

The plaintiff, on the trial, offered the note in evidence, and rested. The note was dated September 7, 1885, was given for $260, with interest at 8 per cent. per annum, due two years from date, and was signed by both defendants. The defendant, to maintain her defense, gave testimony to show, substantially, that plaintiff and Alexander Cocharen bought the schooner in 1884, and were equal owners. They gave back a mortgage for $1,000. The plaintiff operated a feed store on the land of Ellen G. Cocharen, under the name of J. J. Mulgrew & Co., and Alexander Cocharen was the company of that firm. Mulgrew sold his interest in the schooner and the feed store for $260, and took the note in suit, together with a mortgage on the schooner to secure the payment of the note. Alexander Cocharen took the vessel as master, and in October, 1886, was arrested for obtaining a cargo under false pretenses. At that time there was about $200 remaining unpaid on the $1,000 mortgage given by plaintiff and Alexander Cocharen on the purchase price of the schooner. The plaintiff's note and mortgage were also unpaid, and there were some claims against the schooner for supplies. The defendants thereupon gave to Darius N. Avery a mortgage on the vessel for $558.21. On the 25th of October, 1886, three days after giving Avery the mortgage, there was a talk between the defendant, her husband, and Avery, at which the plaintiff was not present, in which Avery verbally promised to pay off all the claims against the schooner, particularly the plaintiff's claim, if she and her husband would give him a bill of sale of the schooner. The vessel was estimated to be worth $1,400, and it was agreed that, after paying all claims against her, Avery would turn over the balance of the moneys, over and above that amount, to the defendants. Defendant and her husband gave Avery a bill of sale. Mr. Avery and the plaintiff met the defendant a few days thereafter at

the store. Defendant claims to have relied upon Avery's promise to pay the plaintiff's claim, though the promise was not in writing.

Defendant was asked upon the trial:

"What was said there at that time pertaining to this $260 matter that he has brought suit for?"

This was objected to, on the ground that what might have been said between the parties three or four days after the bill of sale was given to Avery was incompetent, as it was not a part of the consideration moving from one party to the other. The objection was overruled, and the witness answered:

"Mr. Cocharen told Mr. Mulgrew that this was the man that was to pay him, for he (Avery) agreed when we sold out the schooner that he was to pay all debts and demands there was against it."

The defendant was further asked:

"Q. What did he say at that time,—what did Mr. Mulgrew say at that time,—as to whether he would take Mr. Avery for the payment of this $260, instead of you and your husband?

"A. Well, he said he accepted Mr. Avery for his pay.

"Q. And what did he say as to whether he would not look to you and your husband after that?

"A. Well, he never looked to us; he never named it afterwards, until after the fall that he got married."

The witness further testified that Mr. Avery said he would pay the note.

This claim of the defendant that a novation had taken place was denied by the plaintiff.

The court directed the jury as follows:

"If you find, by a fair preponderance of the evidence in this case, that it was agreed by and between Darius N. Avery, Alexander Cocharen, Ellen G. Cocharen, and John J. Mulgrew that, as a part of the consideration for said transfer, said Avery agreed to pay the note sued on in this case, and that Mulgrew agreed to accept said Avery

as his debtor in place of said Cocharen and his wife, and to release Cocharen and his wife from said debt, then I charge you, as a matter of law, that such agreement operated as a release to said Cocharen and wife of and from all further liability on said note, and your verdict should be for the defendant."

The only question presented is whether there was any evidence from which the jury would be justified in finding that a novation had taken place. The testimony has been set out substantially as given, and we think, from the claim made by the defendant, that the jury might well say that an arrangement was made between the parties by which the Cocharens were to be released, and Avery assumed the payment of the note, and that the plaintiff agreed to accept Avery as his debtor in place of the Cocharens. It is true that the plaintiff denies that any such arrangement was made, but the only question which concerns us is whether there was any evidence warranting the submission of that question to the jury. We think there was, and therefore there was no error in the charge.

Judgment affirmed, with costs.

HOOKER, C. J., MCGRATH and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.