THE ILLINOIS LIFE INSURANCE COMPANY v. E. D. BENNER.

No. 15,632.   (97 Pac. 438.)

SYLLABUS BY THE COURT.

1. NOVATION—*Implied Agreement.* To support the claim of a novation the assent of the parties that the new obligation shall be accepted in extinguishment of an old one is an essential element, but the substitution may be accomplished by either an express or an implied agreement.

2. ——— *Question of Fact—Evidence.* Whether the parties gave assent and intended a novation is a question of fact for the jury, and may be determined upon inferential as well as direct evidence.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 3, 1908. Affirmed.

*D. W. Mulvane,* and *C. E. Gault,* for plaintiff in error.

*W. R. Hazen,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Illinois Life Insurance Company brought this action against E. D. Benner upon a promissory note given by him to the Kansas Mutual Life Insurance Company and, by the receivers of the latter company, assigned to plaintiff. Among other defenses Benner alleged that by mutual consent of the Kansas Mutual Life Insurance Company and himself the form and evidence of the indebtedness was changed from a note to an open account, and that by this substitution the obligation of the note was satisfied and discharged. The jury found that the Kansas Mutual Life Insurance Company held a promissory note against Benner, and that he was also indebted to it upon an open account; that on September 23, 1902, the note was carried on the books of the Kansas Mutual Life Insurance Company as a claim against defendant, and that the transfer of the note to the open account was made with the intention, at the time, of extinguishing the liability on the note and carrying the entire liability against Benner in the form of an open account; that the Kansas Mutual Life Insurance Company and the receivers of that company did not carry the note upon their books, or any record of a claim against the defendant on account of the note, but the books did show that the whole amount was carried in the open account. It was also specifically found by the jury that the indebtedness represented by the note had never been paid in any other way than by the substitution mentioned.

It is argued that the charging of the amount of the note into an open account did not amount to a payment of the debt, and this may be conceded, but one of the defenses of Benner was the novation or substitution of a new obligation for the old one. In volume 21 of the American and English Encyclopædia of Law, at pages 660, 663, novation is defined as follows:

"Novation is the substitution of one obligation for

another, and takes place either by the substitution of a new for an old party or by the substitution of a new agreement between the old parties, or, it may be, by a change both of parties and of agreement at the same time. . . . Where a creditor accepts from his debtor a new note instead of an old, or any form of written contract instead of a prior unwritten contract or obligation, with the intent to cancel the former and to substitute the new one therefor, novation by the substitution of a new obligation takes place."

Novation is sufficiently pleaded in the answer of the defendant, and the finding of the jury is to the effect that a new obligation in the form of an account was substituted for the note, and the only question remaining is whether there is testimony fairly tending to support the findings and verdict.

Aside from the testimony of Benner that an arrangement was made with the insurance company whereby the note should "be taken care of and done away with," there is the testimony that in Benner's account on the books he was credited with the note and the amount of the note was charged against him. It appears, too, that while the note was not surrendered or destroyed, neither the Kansas Mutual Life Insurance Company nor the receivers of that company carried the note in the note account after the transfer and entry of the indebtedness in the open account, and it did not appear again in the records or accounts of the insurance company. One of the receivers, who had charge of the books and assets of the company, testified that when the assets were listed and turned over to the plaintiff the note was not listed and turned over. It was shown, too, that attorneys representing the plaintiff wrote to Benner admitting that the note had been charged off into an open account, but insisting that the substitution did not satisfy the indebtedness —that it only changed it from a note to an account. It is argued that there is no proof of an express agreement that the transfer of the amount of the note to

33—78 KAN.

an open account should operate as an extinguishment of the note. The assent of the parties that the new obligation shall be accepted in discharge of the old one is an essential element, but the substitution may be accomplished by either an express or implied agreement. (*Harris and Donaldson v. Lindsay*, 4 Wash. [U. S. C. C.] 271, 11 Fed. Cas: p. 637; *Warren v. Batchelder*, 15 N. H. 129; *Seaman v. Whitney*, 24 Wend. [N. Y.] 259, 35 Am. Dec. 618; *Whitney v. American Insurance Co.*, 127 Cal. 464, 59 Pac. 897; 21 A. & E. Encycl. of L. 669.)

Counsel say that it is unreasonable to infer that the insurance company would give up a written promise, with its longer limitation, for an obligation based only on an open account, which was subject to dispute and to the earlier bar of the statute, and that nothing short of proof of an express declaration by the parties would establish such a substitution. It was a contract, however, which the parties were competent to make. Express or implied assent might be given as in the case of ordinary contracts, and whether they gave assent or intended a novation is a question of fact for the jury, and may be determined upon inferential, as well as direct, evidence. (*Walker v. Wood*, 170 Ill. 463, 48 N. E. 919; *Robbins et al., Appellants, v. Robinson et al.*, 176 Pa. St. 341, 35 Atl. 337; *Mulgrew v. Cocharen*, 96 Mich. 422, 56 N. W. 70; *Sinclair v. Richardson*, 12 Vt. 33; *Lynch v. Austin and another*, 51 Wis. 287, 8 N. W. 129; 21 A. & E. Encycl. of L. 670.)

In view of the testimony and the findings of the jury the motive of the parties in making the exchange is not important. Whether the insurance company found it embarrassing to carry the promissory notes of its employees among its assets, or whether the defendant preferred that the obligation should not be in the form of a promissory note, subject to inspection by the insurance department, it is needless to inquire.

It is enough that such a contract may be made and that there is sufficient proof to support the finding of the jury that it was made.

The judgment of the district court is affirmed.