[No. 20623.  Department Two.  January 9, 1928.]

# H. J. VAN de VEN et al., Respondents, v. OVERLOOK MINING & DEVELOPMENT COMPANY et al., Appellants.[1]

[1] BILLS AND NOTES (49-1)—ENDORSEMENT—NATURE OF LIABILITY—SURETY OR GUARANTOR. A written guarantee of a note, endorsed on the back, creates a secondary liability on the part of the signers, under Rem. Comp. Stat., § 3582.

[2] GUARANTY (12)—DISCHARGE—EXTENSION OF TIME OF PAYMENT. An extension of the time for payment to a time "on or before" six months, gives the maker the right to pay at any time, and is without consideration; and hence did not release the guarantors.

[3] SAME (12). The holder of a guaranteed note, giving a written extension of time, is not estopped to assert that there was no consideration, where the extension shows on its face that it was without consideration.

[4] LIMITATION OF ACTIONS (72)—PART PAYMENT—PERSONS BY WHOM MADE. While part payment will not toll the statute of limitations as to guarantors of a note made without their authority or ratification, the evidence sustains a finding that the statute was tolled on a corporation note, guaranteed by the directors, where, at a meeting to determine ways and means to take care of the debt, the directors voted to assess themselves $500 each to take up expenses "and interest," following which they paid their assessments, from which the last installments of interest on the note were paid.

Appeal from a judgment of the superior court for Walla Walla county, Kuykendall, J., entered April 1, 1927, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*J. G. Thomas, W. A. Toner, Gose & Crowe* and *Thomas P. Gose, Jr.,* for appellants.

*Earl W. Benson* and *Evans & Stirling,* for respondents.

[1]Reported in 262 Pac. 981.

FULLERTON, J.—This is an action brought to recover upon a promissory note. There was a judgment for the plaintiffs in the court below, and from the judgment the defendants appeal.

On June 28, 1916, one Helen Brennan, the predecessor in interest of plaintiffs in the action, respondents here, loaned to the appellant, Overlook Mining & Development Company, a corporation, the sum of thirty-five hundred dollars. The loan was evidenced by a promissory note, dated upon that day, by the terms of which the borrower agreed to repay the sum loaned one year from its date with interest at ten per cent per annum. At the time the loan was made, the appellants J. N. McCaw, T. S. Steel, M. J. Lowden, and one John T. Flathers, since deceased, and of whose estate the appellant, Union Trust Company, is administrator, were stockholders and directors of the appellant, Overlook Mining & Development Company, and were instrumental in securing the loan. At the time of the execution of the note, they endorsed thereon and signed the following writing:

"For value received, I hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at the rate specified in the note, and I hereby waive protest and diligence in collecting."

Interest was paid upon the note until its maturity at the rate of ten per cent per annum, at which time the payee of the note endorsed thereon and signed the following writing:

"June 28, 1917, I hereby grant the extension of time of payment of the within note on or before six months from June 28, 1917, at 8%."

Thereafter interest was paid on the note at irregular intervals until January 1, 1923, at the rate of eight per

cent per annum. No other payments were made, and the present action was instituted on October 17, 1925.

Two questions are presented by the appeal, namely, whether the extension of the time of payment of the note discharged the guarantors, and whether the action was barred by the statute of limitations.

[1] To an understanding of the first of the questions stated, it is necessary to notice the provisions of the negotiable instruments act (Rem. Comp. Stat., §§ 3392-3586), [P. C. §§ 4072 *et seq.*]. Section 3582 of the act provides:

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay same. All other parties are 'secondarily' liable."

Section 3510 provides:

"A person secondarily liable on the instrument is discharged . . .

"6. By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved."

It is plain, by the first of the quoted sections, that the guarantors here sued are persons secondarily liable on the instrument; and equally plain, by the second of the sections, that, if the agreement to extend the time of payment was binding upon the holder of the instrument and the persons secondarily liable did not assent thereto, the instrument is discharged as to them. The trial court did not find that they did assent to the extension, nor do we find anything in the evidence that would justify such a finding. It determined the question against the guarantors by holding that the extension was not binding on the holder for want of consideration.

[2]  There was no proof of an independent consideration moving to the holder; on the contrary, the evidence is that she received no consideration other than is evidenced by the writing itself. The question, then, is whether the writing shows a consideration. The general rule is that an extension of the time of payment of a negotiable instrument for a definite period, with interest payable during the period, constitutes an extension for a valuable consideration. The consideration moving to the holder of the instrument is the promise of the maker to pay interest during the full period of the extension, and the promise of the holder to forbear suit for the period constitutes a good consideration for the agreement on the part of the maker to pay interest for the full period. *Nelson v. Flagg,* 18 Wash. 39, 50 Pac. 571; *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056, 5 Ann. Cas. 435, 4 L. R. A. (N. S.) 666 (Note); 21 R. C. L. 1027.

The converse of the proposition is also true; that is to say, if the extension is for an indefinite time, in which the payor of the obligation extended has the right to pay at any time during the period of extension, there is no consideration moving to the holder of the instrument, nor is there a detriment to the promisor; this because the payee of the instrument gives up nothing, and the payor gives up nothing; the payor may pay at any time, and the obligation stands, in so far as the payor is concerned, as it stood before the extension.  (Ib.)

Turning to the writing granting the extension in the case before us, it will be at once observed that the endorsers of the obligation gave up no right by reason of the extension. The extension is granted to a time "on or before" six months. The payor of the instrument thus had the right to pay at any time during the

period, and the holder of the instrument would have been bound to accept payment.

The appellants cite § 3415 of the code, and our case of *State Bank of Clarkston v. Morrison*, 85 Wash. 182, 147 Pac. 875, as announcing a contrary rule. But both the section and the case cited have reference to the presumptions arising from the execution of the obligation. They announce the rule that every person whose signature appears thereon as an obligor is presumed to have become a party thereto for value. Neither relates to the acts of the holder of the instrument.

[3] A second contention under this head is that the holder of the instrument is estopped from questioning the consideration for the extension of time, under the rule announced by us in *Rockford Shoe Co. v. Jacob*, 6 Wash. 421, 33 Pac. 1057. That action was upon an account for a bill of goods sold by the plaintiff to the defendant. The complaint alleged that the account became due and payable on February 1, 1892. The action was commenced on February 25, 1892. The defendant answering alleged that the time of payment for the goods had been extended to April 1, 1892, and that in consequence there was no sum due at the time of the commencement of the action. In its reply to the answer, the plaintiff admitted that it had "extended the time for payment of the goods to April 1, 1892, making the same due and payable at said time." The trial court granted the plaintiff's motion for judgment on the ground of want of consideration for the extension of time. This court reversed the judgment on appeal, using this language:

"We are unable to agree with this contention on the part of the respondent. It is true that the affirmative allegation in the answer is not as definite as it might have been, and a motion to make the same more definite and certain would have probably been

granted; but instead of making such motion the plaintiff not only admits the truth of the allegation as pleaded, but expressly admits that the time of payment was extended until April 1st, and that the same was due and payable at said time. Having done this it cannot now be heard to say that such extension was void for want of consideration. To allow such a practice would be to encourage the setting of a trap by one party to unwarily catch the other upon some pure technicality. When plaintiff, in such general terms, itself admitted and alleged that it had extended the time for the payment of said goods to April 1, 1892, it must be presumed as against it that such extension was upon sufficient consideration. It follows that upon the pleadings as they stood the defendant, and not the plaintiff, was entitled to a judgment.''

But we think it unnecessary to question the rule of the cited case in order to support the conclusion of the trial court in the case before us. In the cited case, there was a direct admission of an extension of time, and there was nothing in the evidence or in the agreement itself to indicate that the extension was not founded on a sufficient consideration. It was, therefore, legitimate to presume that the extension was so founded. In the case before us, the writing on its face shows a want of consideration, and there is no proof to the contrary. The distinction, we think, is well founded.

Our conclusion is that the trial court rightly held that there was no consideration for the agreement of extension, and that the guarantors were not discharged thereby.

[4] From the dates above given, it will be noted that more than six years elapsed between the due date of the note and the time of the commencement of the action, though less than six years elapsed from the time of the last payment of interest on the note and such commencement. The evidence disclosed, further-

more, that all of the interest payments made upon the note were made by checks drawn upon a bank, in which the maker kept a deposit, from money therein deposited to the maker's credit. Or, to state the fact more directly, it appeared that none of the payments was made immediately from the funds of the guarantors. It did appear, however, that on October 1, 1920, at a meeting of the board of directors held for the purpose of determining "ways and means of taking care of the debt on the mine," the directors of the corporation

"  . . . decided to assess themselves five hundred dollars each to take care of expenses, or current expenses, such as interest, assessment work and provisions. This money to be paid back just as soon as the company got enough from the sales of stock to take care of the same."

Following this resolution, the directors, who, as we have stated, were the guarantors of the note, severally paid the sums assessed against them into the treasury of the company, and that it was from the sums so paid, and other money received from the sales of treasury stock of the corporation, that the last two payments of interest were made. There was evidence also, although contradicted, that the payments on the note were made at the direction of certain of the guarantors, after they had been personally solicited to make the payments by the agents and representatives of the holder of the note.

It is the rule, in this state at least, that a partial payment upon a promissory note by one of two or more joint obligors, or joint and several obligors, will toll the statute of limitations only as to the party making the payment, unless he has authority to bind the other party or parties thereto, or unless it is made under his or their direction, or is ratified by him or them. *Stub-*

*blefield v. McAuliff,* 20 Wash. 442, 55 Pac. 637; *Bassett v. Thrall,* 21 Wash. 231, 57 Pac. 806; *Perkins v. Jennings,* 27 Wash. 145, 67 Pac. 590; *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974; *Farmers & Mechanics Bank v. San Poil Consol. Co.,* 126 Wash. 137, 217 Pac. 707.

On the disputed questions of fact, the trial court found against the guarantors, and we do not feel that we are warranted in taking a different view of the evidence. At least, we cannot conclude that it preponderates against the trial court's conclusion. The question then remains, whether the recited acts of the guarantors will toll the statute as to them. It is our opinion that they will. The guarantors were the principal stockholders of the corporation. They constituted its board of directors. They had the sole charge of its business affairs. They had never, prior thereto, openly disputed their liability on the note. They must have known that a repudiation, at the time they met as directors to consider ways and means to meet the pressing obligations of the corporation, would have precipitated an action against them, when the defense here urged would not have been open to them, and it is not to be supposed that they acted otherwise than in good faith. Their acts were, therefore, consistent with their apparent purpose, and we conclude that the trial court rightly decided that they were sufficient to toll the statute.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and HOLCOMB, JJ., concur.