No. 28,744.

THE FIRST NATIONAL BANK OF LYNDON, *Appellant*, v. ADA J. BARNHOLDT, *Appellee*.

(277 Pac. 1017.)

Opinion filed June 8, 1929.

A. K. *Stavely*, of Lyndon, for the appellant.

*Ralph T. O'Neil, John D. M. Hamilton* and *Barton E. Griffith*, all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The First National Bank of Lyndon brought an action against Ada J. Barnholdt to recover the balance due upon

a note for $3,150 executed by defendant and her husband on January 9, 1922, payable three years after date with interest at seven per cent, payable annually, and in the mortgage it was stipulated that both interest and principal would bear ten per cent interest after due, and also to foreclose a mortgage given to secure its payment.

Among other things the plaintiff asked for the cancellation of a release of the mortgage mentioned which it had previously signed and placed of record. A summary of the facts upon which the bank based its right of recovery is that when the second installment of interest on the mortgage note became due the makers were unable to pay it. That upon agreement of the parties F. H. Barnholdt executed a promissory note for the amount of the unpaid interest, $220, payable six months after date with interest at eight per cent per annum. It was alleged that the understanding of the parties was that the note should not be considered as an interest payment, but rather as additional evidence thereof, and that the makers should not receive credit on the note secured by the mortgage until the interest note was paid in full. The interest note was not paid when it became due, and it was renewed by making and delivering a new note for the sum of $231.63, being the amount of principal and interest due on that note. Plaintiff states that this last interest note was not given by Barnholdt nor received by plaintiff in payment of the interest due on the mortgage, but merely to extend the time of payment of the indebtedness secured by the mortgage.

It was further alleged that when the mortgage note matured the Barnholdts procured a loan from the Union Central Life Insurance Company for $3,150, the amount of the principal due to the bank; that the proceeds of the loan were not sufficient to pay the entire indebtedness, and it being necessary that this insurance company loan should be a first mortgage, F. H. Barnholdt orally promised that he and his wife would execute and deliver their promissory note for $231.63, and give plaintiff a second mortgage on the land to secure its payment, if the plaintiff would release the mortgage so that the new mortgage to the insurance company would become a first lien on the land, and that plaintiff believed and relied on these statements and was thereby induced to make and record a written release of the principal mortgage and did deliver the original note to the defendant. It is further alleged that the statements and representations were falsely and fraudulently made by Barnholdt to the

bank for the purpose of defrauding it, well knowing at the time that he and his wife would not give a second mortgage, and thereafter they fraudulently failed and refused to give the new note to pay the interest due on the principal mortgage. The plaintiff therefore asked for judgment against Ada J. Barnholdt for $231.63 with interest, and that the release given of the principal mortgage be canceled and set aside and the plaintiff awarded a lien on the land subject to that held by the insurance company.

In connection with the general denial the defense was that the note for $231.63 was accepted as a substitute for the installment of interest due and that it operated to discharge the interest obligation; that the note had not been signed by the defendant Ada J. Barnholdt, and that the notes signed by her husband were accepted by the plaintiff as a payment of the interest due, and further that the interest had been paid. She further insisted that if any representations were made as to giving a second mortgage, none were made by her, and further that the claim and cause of action of the plaintiff, based as they were upon alleged fraudulent representations, were barred by the statute of limitations. The trial was by the court without a jury and the judgment was that the plaintiff recover nothing and that defendant recover her costs. No special findings were asked for or made and nothing is found in the record to indicate the grounds of the judgment.

It appears that F. H. Barnholdt died sometime before this action was instituted. There is no dispute that the first installment of interest on the mortgage was paid nor that a note for the second installment of interest was given by F. H. Barnholdt, and that at the end of six months this note was renewed by the giving and acceptance of another for $231.63. It is also conceded that the third installment of interest was paid when the new mortgage was made to the insurance company for $3,150. The evidence tended to show that the bank declined to release its mortgage of record until the third installment of interest was paid, and when that was done it released the mortgage and made an entry on its discount record that the mortgage debt of $3,150 had been paid.

The plaintiff alleged and gave testimony to the effect that the note for the second installment of interest was not to be regarded as a payment of the interest, and would not be so treated until the note was paid. It was also claimed by the plaintiff that the mort-

gage was released of record upon a promise of F. H. Barnholdt that he would give the bank a second mortgage on the land to secure the payment of this note. On the part of the defendant she testified first that the note had been paid, but the medium of payment was not stated. She further insisted that she had never signed the note nor had she made any promises or representations respecting payment or the giving of security for payment, and further that the bank had accepted her husband's note as a substitute for and a payment of the interest installment.

Whether the interest note given and accepted by plaintiff was a novation or a substitution of a new obligation for the old one which extinguished the latter depends upon the intention of the parties. The general rule is that the mere acceptance of a new obligation for an older one does not operate as a payment unless it is intended that the new should extinguish the old. The president of the bank said that it was understood that the note should not be regarded as a payment of the interest until the note itself was paid. There were circumstances tending to show an intention to substitute the new for the old obligation. The original note for $3,150 bore interest at the rate of seven per cent, and it was stipulated that if it was not paid when due both principal and interest were to bear interest at the rate of ten per cent. The note given for the unpaid interest, as we have seen, stipulated for a rate of eight per cent until it was paid. The note was dated January 9, 1924, was payable six months after date, and when it was due on September 9, 1924, the plaintiff took the new note from F. H. Barnholdt alone for the amount of the note and interest, $231.63, running six months from date, bearing interest at eight per cent, and plaintiff then surrendered the first note. In this action the plaintiff did not ask for judgment for the amount of interest due on the mortgage note, which amounted to $220 with interest thereon at ten per cent, the rate stated in the mortgage if payment was not made when due, but it took a note for eight per cent, which tends to show that the interest note was a new contract independent of the mortgage note and a substitute for it. When the mortgage was executed to the insurance company, the third and last installment of interest on the plaintiff's mortgage had not been paid, and plaintiff then insisted that it must be paid before it would release the mortgage of record. Negotiations were delayed until the defendant could borrow the money for the pay-

ment of that installment, and when it was paid plaintiff at once executed and filed of record the release of its mortgage. Plaintiff did not make the same requirement as to the second installment for which the note in suit was given, and in this way indicated to some extent that the note was an independent and substitute contract. More than that, the plaintiff on July 1, 1925, brought a suit against F. H. Barnholdt on the interest note for $231.63, before a justice of the peace, and recovered a judgment thereon which, it appears, has never been satisfied; that suit was not on the original obligation but on the substituted one, which, as we have seen, differed from the original indebtedness so far as the interest rate was concerned. These and some other circumstances, including the deliberate release of the mortgage and the entry of payment in plaintiff's books, tended to show an intended novation, a substitute of the new for the old obligation which would operate as a discharge of the old. In *Insurance Co. v. Benner,* 78 Kan. 511, 97 Pac. 438, it was decided—

"To support the claim of a novation the assent of the parties that the new obligation shall be accepted in extinguishment of an old one is an essential element, but the substitution may be accomplished by either an express or an implied agreement. Whether the parties gave assent and intended a novation is a question of fact for the jury, and may be determined upon inferential as well as direct evidence." (Syl. ¶¶ 1, 2. See, also, *Badders v. Checker Cab Co.,* 118 Kan. 125, 234 Pac. 41.)

Upon the question that the action was barred by the statute of limitations, it is contended that being one for relief on the ground of fraud, it could only be brought within the two-year period. The installment of interest on the original mortgage, for which plaintiff claimed the interest note was given, not as payment but as evidence of the debt, became due on January 9, 1924, and the second or renewal note was dated September 9, 1924. A suit on the latter note was brought before the justice of the peace by plaintiff on July 1, 1925, and the present action was not brought until July 25, 1927. Plaintiff alleged that on January 19, 1925, F. H. Barnholdt agreed to pay and also promised to secure the payment of the note, and that plaintiff believed and relied on the promise and representations made, and further states that they were false and fraudulently made for the purpose of defrauding plaintiff, and that it was never the intention of Barnholdt to give a new note for the $231.63 obligation, and that they have never since paid the debt. That note was

due on January 9, 1925, and the alleged false representations and promises were made on January 19, 1925. This action was not brought until July 25, 1927, which was more than two years and six months after the note became due and unpaid, and more than two years after the alleged false promises and representations were made. The action for fraud, of course, would not accrue until the plaintiff can be deemed to have discovered the fraud. Mr. Barnholdt had not complied with the false promises in the period from January to July of 1925, and it appeared and must be held that plaintiff fully understood and realized the fraud when it brought the action upon the note before the justice of the peace on July 1, 1925. That was more than two years before this action was brought. It follows that the bar of the statute had fallen before relief was sought by plaintiff. It may be added that it was not alleged, proven, nor even is it claimed at this time, that the defendant signed the note, made any representations as to securing it or authorized her husband or anyone else to make any promises or representations for her respecting the note or the security for its payment. Neither was it shown that she was present when the negotiations were had nor that she had in any way acquiesced in any arrangement made between Barnholdt and the plaintiff. There is no basis in the record, therefore, for the contention that she was guilty of fraud. Whatever may have been the controlling reason of the trial court in making the general finding in favor of the defendant, we are unable to discover any reversible error in the record as presented, and hence the judgment is affirmed.