No. 46,408

ELLIOTT G. BLOCH, *Appellant,* v. RON FEDAK, and ACTIVE DIE & MOLD, INC., *Appellees.*

(499 P. 2d 1052)

Opinion filed July 19, 1972.

*Ronald W. Mayes,* of Wichita, was on the brief for appellant.

*Henry D. Edwards,* of Wichita, was on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This was an action brought by the appellee, Active Die & Mold, Inc., against the appellant, Elliott G. Bloch, for the unpaid balance on an open account in the principal sum of $4,000. The appellant counter-claimed against Active Die & Mold, Inc. (Active Die), and commenced another action against Ron Fedak, the president of said corporation, the other appellee, both claims being based upon alleged promissory fraud.

Exhibit A attached to Active Die's petition indicated the open account was for services rendered on February 21, 1969, in the amount of $4,560. The Exhibit showed the appellant paid $560 on the account on June 2, 1969, leaving a balance due of $4,000.

The appellant's answer and counterclaim asserted two affirmative defenses to Active Die's petition:

"3. That the defendant pleads the following two (2) Affirmative Defenses to plaintiff's Petition:

"a. The debt alleged by plaintiff is discharged by reason of

"1.) the substitution of another agreement; and/or

"2.) the delivery of a note to the plaintiff that operates to discharge the alleged debt by defendant. Attached hereto is a copy of defendant's Exhibit 1 which represents the aforesaid 'agreement' and/or 'note'."

The appellant's "Exhibit 1" just referred to is of paramount importance in the resolution of the issues on appeal, and is set out in full:

"Mr. Ronald Fedak, President
Active Die & Mold Co.
2308 West Belmont Avenue
Chicago, Illinois 60618
"Dear Mr. Fedak:

"This is pursuant to our telephone conversation at 11:00 A. M. this morning [March 17, 1970].

"During this conversation we agreed that my client, Mr. Elliott G. Bloch, would pay $50.00 per month to you until his debt of $4,000.00 to you for services rendered has been paid. Mr. Bloch has also agreed to pay interest on the unpaid balance of this debt at the rate of eight per cent (8%) per annum beginning on June 2, 1969, when Mr. Bloch paid to you $560.00 on your Invoice No. 948 in the amount of $4560.00, leaving an unpaid balance of $4,000.00.

"During this same conversation you agreed that as soon as you received your first payment of $50.00, which is enclosed herewith, you would notify Dun & Bradstreet of your settlement of this matter with Mr. Bloch. You also agreed that Mr. Bloch may fall as much as two or three months behind before you would again act on this matter to press for payment, this is because you know that Mr. Bloch's money does not come in on a regular basis. You also agreed to permit Mr. Bloch to pay off the balance of the debt and the remaining interest as soon as he has the funds to do so or if he should desire to do so.

"If you have any queries concerning this matter, please do not hesitate to contact the undersigned. I am pleased to have the opportunity to do business with a person of your skill and aptitude.

"Very truly yours,

/s/ R. W. Mayes
R. W. Mayes

"RWM/rm
"$50.00 check enclosed."

The appellant contends the letter of March 17, 1970, was the confirmation of an oral agrement between him and appellee Fedak, as president of Active Die, whereby they agreed the appellant would pay Active Die $50 per month on the account plus interest from June 2, 1969, on the unpaid balance at the rate of 8 percent per annum.

Bloch mailed a total of three checks in the amount of $50 each to

Active Die, but none of those checks were negotiated by the company.

The appellees filed motions for summary judgment, and the record shows counsel for the parties stipulated that no additional evidence existed or would be proffered for trial on the issues involved on summary judgment.

The district court, upon consideration of the pleadings, exhibits, and the depositions of Fedak and R. W. Mayes, the appellant's counsel, sustained the motions for summary judgment in the consolidated actions, and held the appellees were entitled to judgment as a matter of law because the record as submitted did not show sufficient consideration in law or benefit to the creditor. From that ruling the appellant perfected this appeal.

We think the only contention that need be considered is whether the district court properly sustained the motions for summary judgment upon the theory the record as submitted did not show sufficient consideration.

An open account is a contractual obligation, once proven. (*Spencer v. Sowers,* 118 Kan. 259, 243 Pac. 972; *Sheldon Grain & Feed Co. v. Schuetz,* 207 Kan. 108, 483 P. 2d 1033.) As such, the same may be modified by subsequent agreement of the parties, either by expressed assent or implied from the conduct of the parties, provided the agreement changing the contractual obligation is based upon independent consideration. (*Insurance Co. v. Benner,* 78 Kan. 511, 97 Pac. 438; *Frogge v. Belford,* 168 Kan. 74, 211 P. 2d 49; *Bailey v. Norton,* 178 Kan. 104, 283 P. 2d 400; *Gibbs v. Erbert,* 198 Kan. 403, 424 P. 2d 276.)

The appellees argue that the agreement, if any, failed because the purported time and manner of payment were so indefinite as to provide inadequate consideration for the forbearance. The position is based upon a portion of the disputed letter to the effect the appellees would permit Bloch "to pay off the balance of the debt and the remaining interest as soon as he has funds to do so or if he should desire to do so." In support thereof, the appellees cite decisions from foreign jurisdictions stating the general rule of law that if a debtor neither promises to pay the debt until a fixed time certain in the future, nor to pay interest until that time, there is no consideration to support the creditor's promise to extend the time of payment. (*Dickson v. Kilgore State Bank,* 257 S. W. 867; *Kirby v. American State Bank,* 18 S. W. 2d 599; *Tsesmelis v. Sinton State Bank,* 53 S. W.

2d 461; *Van de Ven v. Overlook Mining and Develop't Co.,* 146 Wash. 332, 262 Pac. 981.) The theory is that the payee forbears nothing and the payor assumes no additional obligation—the payor may pay at any time and the obligation stands, insofar as the payor is concerned, exactly as it stood prior to the extension.

While this court has no quarrel with the law as cited by the appellees, we disagree with the district court's conclusion the letter of March 17, 1970, fails for lack of consideration as a matter of law.

The general rule concerning the payment of interest as sufficient consideration to sustain an extension of time for payment in a contract is found in 17 Am. Jur. 2d, Contracts, Sec. 478, p. 948:

> "*A lawful agreement to pay a higher rate of interest than that borne by a debt in the absence of such agreement is a sufficient consideration for an extension of time. Likewise, an agreement to pay interest in a different manner than that provided in the contract—such as an agreement to pay monthly instead of annually, or semiannually instead of annually—is a sufficient consideration for an extension.* And an agreement to stay execution on a judgment for a year, provided the judgment debtor pays the accruing interest for the whole period to the expiration of such year and does not appeal from an award of arbitrators, rests upon a sufficient consideration.
>
> "The giving of a lawful note for the interest due, which note itself bears interest, thereby in effect providing for compound interest, is a sufficient consideration for the promise of the creditor to extend the time of payment. . . ." (Emphasis supplied.)

K. S. A. 16-201 establishes the lawful rate of interest at 6 percent per annum to be allowed to creditors when no rate of interest has been agreed upon by the parties. Taking the matters in the confirmation letter as true, which we are bound to do, the appellant agreed to pay interest at the rate of 8 percent per annum on the unpaid balance and to pay $50 each month on the principal. That was 2 percent per annum more than the appellee would be entitled to recover under K. S. A. 16-201. Moreover, the appellant agreed to pay the 8 percent interest retroactively from the date of the alleged novation (March 17, 1970) to June 2, 1969, the date he made the payment of $560 on the account. Standing alone, the agreement to pay an additional 2 percent interest would be sufficient as a matter of law to constitute valuable consideration. Furthermore, coupling the additional 2 percent interest with the agreement to pay interest retroactively to June 2, 1969, clearly constitutes consideration sufficient to justify forbearance.

Lastly, and taking the second paragraph of the purported agreement in its total context, it is clear the language relied upon by the

appellee that, "[y]ou also agreed to permit Mr. Bloch to pay off the balance of the debt and the remaining interest as soon as he has the funds to do so or if he should desire to do so," was merely secondary to the appellant's basic obligation to pay $50 each month on the unpaid balance with 8 percent interest thereon. The sentence prior to the language relied upon by the appellees indicates that Active Die would permit the appellant to fall behind several months before it would press for payment. That, in itself, lends further support to the argument the disputed clause was for purposes of acceleration and flexibility, and secondary to the basic obligation found in the first paragraph of the alleged agreement obligating the appellant to pay $50 each month.

The record is meager concerning the matter whether the consolidated actions were to be tried to a jury. The appellant's amended petition against Fedak shows a jury trial was granted, and the pre-trial order sustaining the motions for summary judgment reflects that a *jury* could not reasonably conclude the parties substituted one agreement for another. Upon that basis, we conclude a jury trial was contemplated by the parties. This court is of the opinion that the terms of the letter purportedly confirming an oral agreement between the parties as to the existence of a novation of the original obligation on the open account, presents a genuine issue of material fact, which should be submitted to a jury together with the remaining issues in the case.

Before concluding, the court is of the opinion that counsel for the appellant, Mr. Ronald W. Mayes, should give attention to Disciplinary Rule DR 5-102 of the Code of Professional Responsibility adopted by this court relating to withdrawing as counsel when the lawyer becomes a witness, and govern himself accordingly.

The judgment is reversed and the district court is directed to proceed to trial on the merits consistent with this opinion.

It is so ordered.