No. 21,448.

ROYAL D. CALKINS, *Appellee*, V. THE SALINA NORTHERN RAIL-
ROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS — *Damages* — *Findings Not Conflicting*.
In a condemnation proceeding a special finding of a jury that there
was no evidence of the depreciation of each part of a farm lying on
either side of the right of way, does not conflict with another find-
ing of the damage to the land as a whole, nor indicate that the find-
ing as to damages awarded for the land not taken for right of way
was not supported by the evidence.

2. SAME—*Interest on Damages*. A proceeding to condemn private prop-
erty for public use does not involve a tort, and an owner whose land
is so appropriated is entitled to interest on the damages sustained by
him between the time of the appropriation and the time of the rendi-
tion of judgment.

Appeal from Saline district court; DALLAS GROVER, judge.
Opinion filed April 6, 1918. Affirmed.

*David Ritchie*, of Salina, for the appellant.

*C. W. Burch, B. I. Litowich*, and *La Rue Royce*, all of Salina,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The action in the district court was an
appeal from an award in a condemnation proceeding. De-
fendant appeals from the judgment in favor of plaintiff.

The plaintiff's farm, through which defendant built its road,
is comprised of the south half of a quarter section. The
right of way runs lengthwise through the farm in a general
southeasterly direction, dividing it about in halves, each tri-
angular in shape. Plaintiff's house stands in the south por-
tion, near the south line of his farm. Nearly the whole length
of the right of way is in a cut, the greatest depth of which is
not more than five feet, and on each side of the track is a ditch.
About half way across the farm a crossing was built to enable
plaintiff to go from one part of the farm to the other, cattle
guards and gates to be built later at this point. The right of

way took 6.39 acres. The report of the commissioners, filed April 21, 1915, allowed the sum of $579.25 as the value of the land taken and the damage to that not taken, and this amount was deposited by the defendant with the county treasurer on July 21, 1915, about which time the defendant took active possession of the land. At the trial the jury made the following among other special findings:

"2. Q. Without reference to the value of the land actually taken for right of way what was the amount of damages, if any, to the remainder of the farm by reason of the taking of said 6.39 acres for the right of way? A. $1361.00.

"3. Q. How much was the damage to that part of the farm lying north of the right of way, if any? A. No evidence.

"4. Q. How much was the damage to that part of the farm lying south of the right of way, if any? A. No evidence."

In this appeal no question is raised as to the award made for land taken for right of way, but it is contended that the special findings of the jury relating to the depreciation of that not taken are fatally inconsistent with each other. It is said that findings numbers 3 and 4 conflict with finding number 2, and in effect negative it. After finding that the damages to the land not taken were $1,361, the jury, in answer to questions 3 and 4, found that there was no evidence as to the depreciation of the respective parts into which the farm was divided by the railroad. The finding that there was no evidence of the damages sustained as to a particular fraction of the farm does not imply that there was no evidence as to the depreciation of the farm as a whole. There was evidence of the damages to the entire farm resulting from the condemnation, and sufficient to sustain finding number 2, but it appears that no evidence was produced, nor did the parties deem it material, to show the exact quantity of the plaintiff's land which lay on each side of the right of way, nor the exact depreciation of each tract by reason of the condemnation, any more than they sought to ascertain the depreciation of the five acres on which the buildings were situated or of any other fraction of the farm. It was not necessary, and, as the case was tried, the jury had no basis for finding the loss on each part. There was no real conflict or inconsistency in the findings, nor can it be said that finding number 2 is without support.

The defendant objects to the allowance of interest on the

award prior to the verdict. It appears that interest was allowed on the compensation between the condemnation and the rendition of the verdict, less the amount defendant had deposited with the county treasurer. It is insisted that as interest is not allowed for torts like the destruction of property by fire (*A. T. & S. F. Rld. Co. v. Ayers,* 56 Kan. 176, 42 Pac. 722; *U. P. Rld. Co. v. Holmes,* 68 Kan. 810, 74 Pac. 606), none should be allowed for damages resulting from the taking of property for a right of way. The condemnation of land for a public purpose cannot be regarded as a tort. (15 Cyc. 557.) An appropriation of land for this purpose is a proper exercise of governmental power, and all property is held subject to that right. The award is compensation for property taken, not wrongfully but in a manner authorized by law, and the amount of the compensation can be readily ascertained by recognized standards of valuation. That interest may be recovered on an award from the time of condemnation to the time of the judgment is not an open question in this state. In *Gulf Railroad Co. v. Owen,* 8 Kan. 409, it was held that a landowner was entitled to interest on an award from the time of the appropriation, regardless of the fact that the railway company had deposited the amount assessed by the commissioners with the treasurer. In *Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan. 158, 8 Pac. 138, it was decided that where a railroad company has taken and held possession of land for a right of way, interest should be allowed on the amount of the award from the time possession was taken until the time of trial. (See, also, *W. & W. Rld. Co. v. Kuhn,* 38 Kan. 104, 16 Pac. 75; *Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853; *Smith v. Railway Co.,* 90 Kan. 757, 136 Pac. 253.)

No error being found in the record, the judgment is affirmed.