No. 33,468

Tony Bruna and Anna Bruna, *Appellees*, v. The State Highway Commission of the State of Kansas, *Appellant.*

Mary Nemec et al., *Appellees*, v. The State Highway Commission of the State of Kansas, *Appellant.*

(69 P. 2d 743)

Opinion
filed July 10, 1937.

*Wint Smith,* assistant attorney general, *Robert Osborn,* of Stockton, *Ralph M. Hope,* of Wichita, and *L. W. Rosenkranz,* of Washington, for the appellant.

*F. R. Lobaugh,* of Washington, *W. J. Gregg* and *E. M. Gregg,* both of Frankfort, for the appellees.

The opinion of the court was delivered by

THIELE, J.: The state highway commission appeals from judgments rendered in condemnation proceedings allowing landowners interest upon the awards of the jury, as well as for costs. Although separate tracts of land owned by different persons were involved, the appeals from the award of the appraisers were tried together in the district court, and as in each case substantially the same questions are presented, they were argued together in this court.

In connection with the construction of the U. S. highway No. 36, appraisers were appointed by the district court to appraise the damages, and on February 10, 1936, in the Bruna case, fixed the amount at $2,613.51, and in the Nemec case at $3,155.65. As soon as the lands were condemned the highway commission went into possession and commenced the proposed improvement. Not being satisfied with the award of the appraisers, the highway commission did not deposit the amount of the award, but filed its notice of appeal in both cases, and each landowner, being likewise dissatisfied, also appealed. These appeals were not heard until in December, 1936. At the beginning of the trial the highway commission tendered into court in the Bruna case the sum of $1,800, and in the Nemec case the sum of $2,000, as full compensation for lands taken and damages. Neither tender was accepted, and after trial the jury returned a verdict in the Bruna case for $2,349.42 with interest at six percent from February 10, 1936, and in the Nemec case for $1,889.72 with

interest at the same rate from the same date. It thus appears that in each case the award of the jury was less than the award of the appraisers, and that in the Bruna case the award of the jury was more than the amount of the highway commission's tender, and in the Nemec case the jury's award was less than the tender. The highway commission filed a motion in each case to have the allowance of interest stricken from the award. The trial court denied these motions, and in the Bruna case rendered judgment for the amount of the award, interest thereon, and for costs in favor of Bruna; and in the Nemec case for the amount of the award, interest thereon, and for costs accrued prior to the tender made in favor of Nemec, costs accruing subsequent to the tender to be paid by Nemec. The appeals to this court followed, the assigned errors being the allowance of interest and costs.

The general rule with respect to the allowance of interest on an award made in condemnation proceedings was stated in *Flemming v. Ellsworth County Comm'rs*, 119 Kan. 598, 602, 240 Pac. 591, as follows:

"The general rule in such proceedings is that where there is a substantial lapse of time between the actual taking of the property and the payment, interest on the damages for the taking of the property from the time of taking until the time of final payment, or what amounts to the same thing, damages in the nature of interest for delay in payment of compensation, is properly allowed. (20 C. J. 806; 10 R. C. L. 163; *Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan. 158, 8 Pac. 853; *Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853; *Raney v. Drainage District,* 84 Kan. 688, 115 Pac. 399; *Smith v. Railway Co.,* 90 Kan. 757, 136 Pac. 253; *Calkins v. Railroad Co.,* 102 Kan. 835, 172 Pac. 20.)"

It should be observed in that case, however, that on appeal to the district court the award of the jury was in excess of the award appealed from.

In *Lee v. Missouri Pac. Rld. Co.,* 134 Kan. 225, 5 P. 2d 1102, the landowner appealed from the commissioners' award, and on trial in the district court was awarded a lesser amount, which included interest. On motion of the condemning party this item was stricken from the award, and the landowner appealed to this court. It was there held:

"In condemnation proceedings by a railroad company to acquire land for railroad purposes, where the railway company promptly paid over the amount of the condemnation award in accordance with the statute, and an appeal was taken by the plaintiff landowner, with the result that the jury allowed him a less amount, he was not entitled to interest." (Syl. ¶ 6.)

It appears that had the highway commission deposited the amount of the commissioners' award, and had the landowners been the only appealing parties, in view of the fact the awards of the jury were smaller than those of the appraisers, the landowners would not have been entitled to interest between the date of condemnation and the time the appeals were heard in the district court. The highway commission desired to and did appeal and did not deposit the awards for the assigned reason it did not want to prejudice its right to appeal. Nor were the landowners satisfied; they likewise appealed— hence, if the amount of the awards were deposited, it would have made no difference, for they could not have taken the awards and maintained their appeals. (See *Miltimore v. City of Augusta,* 140 Kan. 520, 527, 38 P. 2d 675.) Had the case rested only on such situation it would appear the rule in *Lee v. Missouri Pac. Rld. Co.,* supra, would apply, and the landowners, having recovered less on appeal than they were awarded by the appraisers, would not be entitled to interest, nor, under the holding in *Reisner v. Union Depot & Rld. Co.,* 27 Kan. 382, would they have been entitled to judgment for costs. While ordinarily the landowners would be entitled to interest on the judgments entered on the jury's awards, if those judgments include interest and cost items not properly allowable, and on appeal to this court by the highway commission such items are stricken out, then the highway commission, having prevailed, should not be charged with interest on the judgments, for it could not acquiesce in the judgments and pay any part of them and still maintain its appeal.

The condemnation here was under G. S. 1935, 26-101, 26-102. The latter section provides that an appeal from the award of the appraisers shall be docketed as an action and tried the same as other actions. In *St. Louis, Ft. S. & W. Rld. Co. v. Martin,* 29 Kan. 750, 753, an appeal in a condemnation case, it was said:

"In the proceeding as it was originally instituted, the railroad company was substantially the plaintiff and Martin substantially the defendant." (p. 753.)

and it was held:

"That although for the recovery of damages merely, in the district court, the owner of the land may be considered the plaintiff and the railroad company the defendant, yet upon the entire condemnation proceedings, taken as a whole, the railroad company is more properly the plaintiff and the owner of the land the defendant." (Syl. ¶ 1.)

(And see, also, *State Highway Comm. v. Phillips,* 146 Kan. 78, 69 P. 2d 12.)

In the cases before us, as has been noted, both the highway commission and the landowners appealed to the district court, and under the reasoning of the above cases they then stood before the court substantially as plaintiff and defendants. Although under the statutes with reference to eminent domain the highway commission, not having paid the amount of the appraisers' award into court, was not vested with title to the lands sought nor entitled to the possession thereof, actually it did go into possession. Under such circumstances, the appeals in effect were actions wherein the landowners sought to recover value of lands taken from them respectively and for damages. And apparently the highway commission so considered the matter, for it made the tenders heretofore mentioned. Under G. S. 1935, 60-2936, unless the plaintiff (claimant) recover judgment for more than the tender, he must pay the costs of the defendant (condemner) from the time of the offer. It thus appears that in the Bruna case, the award of the jury being greater in amount than the tender, they were entitled to their costs, and that in the Nemec case, the award of the jury being less than the tender, that the Nemecs were not entitled to costs after the tender, and that the trial court ruled correctly thereon.

We conclude that the trial court erred in allowing interest from February 10, 1936, to date of judgment on the award of the jury in each of the above cases, or in allowing interest thereafter on the judgments, and that it ruled correctly on the matter of costs.

The judgments of the trial court are reversed insofar as they allow recovery of interest, and the causes are remanded to the trial court with instructions to render judgments on the awards of the jury without interest, and for costs in the trial court as originally allowed.