No. 51,182

WENDELIN HERMAN, TONY HERMAN and HERMAN OIL CO., INC., *Appellees, Cross-Appellants,* v. CITY OF WICHITA, KANSAS, a municipal corporation, *Appellant, Cross-Appellee.*

(612 P.2d 588)

Opinion filed June 14, 1980.

*Phillip Mellor,* of Mellor and Miller, P.A., Wichita, argued the cause, and *Arden P. Miller, Kim A. Roberts,* and *Mark Mellor,* all of the same firm, were with him on the briefs for the appellant, cross-appellee.

*John P. Woolf,* of Martin, Pringle, Fair, Davis, and Oliver, of Wichita, argued the cause, and *Martin W. Bauer,* of the same firm, was with him on the brief for the appellees, cross-appellants.

The opinion of the court was delivered by

PRAGER, J.: This is an inverse condemnation case brought by certain landowners against the city of Wichita for a declaratory judgment and to recover just compensation for access rights taken by the city in converting a street to a limited access highway. The facts of the case are not in dispute and essentially are as follows: The plaintiffs, the Hermans, were owners of a tract of land along old Kellogg Street in Wichita. When Kellogg Street was changed to a controlled access facility, plaintiffs' property lost its direct access to the highway and instead was restricted in access to a frontage road, Kellogg Drive. Because there was no actual physi-

cal taking of plaintiffs' property, the city denied there had been any compensable taking. Plaintiffs then filed an action seeking a judgment declaring that a compensable taking had occurred, requiring the city either to purchase the property or institute formal condemnation proceedings, or in the alternative, to award plaintiffs just compensation for the taking. The district court found the loss of direct access to be a compensable taking. This court affirmed the trial court in *Teachers Insurance & Annuity Ass'n of America v. City of Wichita,* 221 Kan. 325, 559 P.2d 347 (1977). The city failed to initiate either negotiations to purchase or formal condemnation proceedings. The district court then proceeded to determine the issue of damages within the framework of the initial suit, on the theory of inverse condemnation.

The issue of damages to be awarded as just compensation was tried to the jury, and on March 22, 1979, the jury returned a verdict in favor of the landowners in the amount of $146,371.59 as just compensation for the taking of access rights. On May 16, 1979, the court filed its Journal Entry of Judgment, making the following findings of fact:

"(1) The parties agreed to use the date of July 16, 1975, as the date of taking to avoid the expense of reappraisal should another date of taking be selected after a contested hearing.

"(2) Absent the construction project, the property values in the area affected by the project were rising rapidly during the period in question.

"(3) Seven percent (7%) per annum was a commercially reasonable interest rate during the period of July 16, 1975, to the present.

"(4) Reasonable attorneys' fees for services rendered to the landowners in this case were $10,384.00 for the period prior to February 1, 1977, and $22,033.00 for the period thereafter, the later amount relating to the trial on the issue of just compensation." ·

Based on these findings, the trial court then made the following conclusions of law:

"(1) Plaintiffs are entitled to simple interest on the award at the commercially reasonable rate of seven percent (7%) per annum pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution and the Kansas Constitution.

"(2) Plaintiffs are entitled to said interest from July 16, 1975, to the date judgment is entered herein. To select a date other than July 16, 1975, for the purposes of awarding interest would deprive the plaintiffs of a proper determination of the value of the property on any subsequent date of taking.

"(3) Under Kansas law, landowners are not entitled to attorneys' fees unless they come within the terms of the Kansas Condemnation Act.

"(4) Defendants are estopped as a matter of law and equity from asserting the landowners were not within the terms of the Kansas Condemnation Act after February 1, 1977.

"(5) As a matter of law, after February 1, 1977, the proceedings were in substantially the same position as if the condemnor had appealed and the landowners prevailed. Thereafter, plaintiffs are entitled to the reasonable attorneys' fees incurred after said date pursuant to K.S.A. § 26-509. . . .

"(6) Plaintiffs are not entitled to any other attorneys' fees."

The court then ordered defendant to pay simple interest on the $146,371.59 awarded as damages at a rate of seven percent (7%) per annum from July 16, 1975, to the date of judgment, and the statutory eight percent (8%) interest thereafter, plus $22,033.00 for attorney fees. It is from this judgment for interest and attorney fees that the city appeals to this court. The city has not appealed from the jury's verdict fixing the amount of damages at $146,371.59. The landowners have cross-appealed, contending that the trial court erred in denying plaintiffs their attorney fees for services rendered in the case prior to February 1, 1977.

There are four basic issues presented for determination on the appeal. They are as follows:

(1) Is interest allowable prior to judgment on the damages awarded a landowner in an inverse condemnation case?

(2) If interest is allowable prior to judgment, what rate of interest should be awarded?

(3) What rate of interest should be awarded after judgment was obtained by the landowners?

(4) Under the circumstances of this case, are the landowners entitled to recover their attorney fees and, if so, for what services rendered on their behalf?

We will consider each of these issues in order.

## INTEREST

The city's first point on appeal is that the trial court erred in allowing interest on the damages awarded prior to the entry of judgment. In support of its position, the city maintains that a claim for damages for just compensation in an inverse condemnation action is an unliquidated claim, and as such, the party asserting such a claim is not entitled to interest on the damages awarded until the date the judgment is rendered at which time the damages become liquidated. In support of its position, the city relies upon *Foster v. City of Augusta,* 174 Kan. 324, 256 P.2d 121

(1953). The landowners contend that the allowance of interest as damages from the date of taking is an integral part of just compensation to which the landowner is entitled in a condemnation case. We have concluded that the trial court properly held that the landowners were entitled to interest on the damages awarded from the agreed date of taking, July 16, 1975, until the date judgment was entered. The reliance of the city on *Foster v. City of Augusta* is misplaced, as *Foster* dealt with a common-law action for damages resulting from the building of a levee, not an inverse condemnation case. In the opinion, the court specifically stated that the city did not exercise any right of eminent domain and that the proceeding was not based on any condemnation by the city.

This court has long recognized the propriety of allowing interest before judgment on damages awarded in inverse condemnation cases. In *Cohen v. St. L., Ft. S. & W. Rld. Co.*, 34 Kan. 158, Syl. ¶ 5, 8 Pac. 138 (1885), it was held that where a railroad company has taken and appropriated a strip of land for a right-of-way, and afterward the owner sues the railroad company to recover compensation and damages as for the permanent taking and appropriation of the land, the owner may recover interest, or damages in the nature of interest, on the amount that should be allowed him from the time of the taking and appropriation of the land up to the time of the trial. The general rule is set out in *Flemming v. Ellsworth County Comm'rs.*, 119 Kan. 598, 602, 240 Pac. 591 (1925), that "where there is a substantial lapse of time between the actual taking of the property and the payment, interest on the damages for the taking of the property from the time of taking until the time of final payment, or what amounts to the same thing, damages in the nature of interest for delay in payment of compensation, is properly allowed." Other Kansas cases supporting this rule are the following: *Burke v. Board of Education of Common School District No. 110*, 181 Kan. 534, 537, 313 P.2d 272 (1957); *Great Lakes Pipe Line Co. v. Carson*, 168 Kan. 100, 106, 211 P.2d 70 (1949); *Bruna v. State Highway Comm.*, 146 Kan. 375, 377, 69 P.2d 743 (1937); *De Vore v. State Highway Comm.*, 143 Kan. 470, 476, 54 P.2d 971 (1936); *Miltimore v. City of Augusta*, 140 Kan. 520, 528, 38 P.2d 675 (1934); *Calkins v. Railroad Co.*, 102 Kan. 835, 837, 172 Pac. 20 (1918); *Irrigation Co. v. McLain*, 69 Kan. 334, 341, 76 Pac. 853 (1904).

The rule followed in Kansas is the rule generally followed throughout the United States. See 27 Am. Jur. 2d, Eminent Domain § 297, and the many cases cited therein. We have no hesitancy in following the Kansas cases and in holding that, in an inverse condemnation case, just compensation requires an allowance of interest from the date of taking by the governmental body until payment is made where there is a lapse of time from the time of taking until the time of payment. The district court properly allowed interest on the damages awarded prior to the entry of judgment in this case.

Since we have determined that the landowners are entitled to interest from the date of taking, we must next consider the rate of interest to be awarded to the landowners from the date of taking until the date of judgment. As noted above, the trial court allowed a prejudgment rate of interest of seven percent (7%). The city maintains that, if the landowners are entitled to prejudgment interest, the proper rate of interest is six percent (6%), the legal rate, rather than seven percent (7%). The landowners take the position that in order for them to recover just compensation for the land taken in these inflationary times, they are entitled to receive a commercially reasonable rate of interest, in this case seven percent (7%), as awarded by the trial court. Although some of the Kansas cases have allowed prejudgment interest in an inverse condemnation case at the legal rate of six percent (6%), those cases do not specifically discuss the appropriate interest rate and are not particularly helpful on this point.

Interest is the compensation allowed by law or fixed by the parties for the use, detention, or forbearance of money. *Shapiro v. Kansas Public Employees Retirement System,* 216 Kan. 353, 532 P.2d 1081 (1975). Conventional interest is interest arising out of a contract between the parties. Interest by way of damages has been defined as interest allowed for the unlawful detention of money found to be due. It is allowed as compensation to the injured party. The legislature has a broad discretion in fixing the legal rate of interest and, unless applied in a discriminatory or unreasonable manner, such statutes are constitutional and will be enforced by the courts.

Where interest by way of damages is allowed, it is generally computed at the legal rate. In Kansas, K.S.A. 16-201 establishes the legal rate of interest, providing as follows:

"16-201. **Legal rate.** Creditors shall be allowed to receive interest at the rate of six percent per annum, when no other rate of interest is agreed upon, for any money after it becomes due; for money lent or money due on settlement of account, from the day of liquidating the same and ascertaining the balance; for money received for the use of another, and retained without the owner's knowledge of the receipt; for money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts; for all other money due and to become due for the forbearance of payment whereof an express promise to pay interest has been made; and for money due from corporations and individuals to their day or monthly employees, from and after the end of each month, unless the same shall be paid within fifteen days thereafter."

The Kansas cases have consistently held that under K.S.A. 16-201, where interest is recoverable as an element of damages, the legal rate of six percent (6%) is to be allowed in the absence of an express contract providing for a different rate of interest. In *McDermott v. Sterling,* 133 Kan. 521, 1 P.2d 78 (1931), it is stated that interest not contracted for is allowed by way of damages for nonpayment of money and *the interest statute* prescribes the receivable rate when there is no agreement. To the same effect are *Shutts, Executor v. Phillips Petroleum Co.,* 222 Kan. 527, 563, 567 P.2d 1292 (1977), *cert. denied* 434 U.S. 1068 (1978); and *Bloch v. Fedak,* 210 Kan. 63, 66, 499 P.2d 1052 (1972).

Note should also be taken of K.S.A. 26-511 which permits the landowner to recover interest at six percent (6%) on the increase where the compensation awarded in a condemnation appeal exceeds the amount of money previously paid to the clerk of the court by the condemning authority. The statute further provides in substance that, if the compensation finally awarded on appeal is less than the amount paid in by the condemning authority, the condemning authority is entitled to interest at the rate of six percent (6%) per annum from the time payment was made to the clerk on the amount that the condemning authority is entitled to have returned from the landowner. We have concluded that K.S.A. 26-511 is a special statute applicable only to condemnation appeals taken under the eminent domain procedure act, K.S.A. 26-501 *et seq.* We hold that K.S.A. 16-201 is the proper statute to be applied in inverse condemnation cases where prejudgment interest is awarded as damages from the date the property is taken until the date of judgment. It follows that the trial court erred in awarding prejudgment interest at the rate of seven percent (7%) instead of at the legal rate of six percent (6%).

The next issue to be determined is the rate of interest to be

allowed the landowners on the damages awarded from the date of the judgment until paid. The city contends that the landowners are entitled to interest on the judgment at the rate of six percent (6%) under the provisions of K.S.A. 26-511. The landowners take the position that they are entitled to interest on the damages awarded at the rate of eight percent (8%) from the date of judgment, relying on the provisions of K.S.A. 16-204 which provides as follows:

"16-204. **Judgments; time and rate.** All judgments of courts of this state, including judgments rendered on or after the effective date of this act against the state or any of its agencies or any city, county, school district or other political subdivision of the state, shall bear interest from the day on which they are rendered, at the rate of eight percent (8%) per annum, except as otherwise provided."

In *Schwartz v. Western Power & Gas Co., Inc.*, 208 Kan. 844, 851, 494 P.2d 1113 (1972), it was held that a judgment entered in a condemnation appeal under the eminent domain procedure act bears interest at six percent (6%) per annum in accordance with the provisions of K.S.A. 26-511. The court reasoned that K.S.A. 26-511 is a statutory exception to the allowance of interest at eight percent (8%) per annum on judgments under the provisions of K.S.A. 16-204. We have concluded that an inverse condemnation case should be distinguished from a condemnation appeal taken under the eminent domain procedure act, K.S.A. 26-501 *et seq.*, and that the provisions of 16-204 allowing eight percent (8%) interest should be applied to judgments obtained in inverse condemnation cases. In reaching this conclusion, we note that the eminent domain procedure provides for the filing of a petition by the condemning authority, with notice and the subsequent appointment of appraisers. The appraisers' award is paid into the office of the clerk of the district court and the landowners may accept the award or appeal. The procedure is substantially different from the procedure followed in an inverse condemnation case. We hold the application of K.S.A. 26-511 should be restricted to condemnation appeals taken under the eminent domain procedure act and that the trial court properly allowed interest to the landowners in this case from the date of judgment at the rate of eight percent (8%) per annum under the provisions of K.S.A. 16-204.

## ATTORNEY FEES

The final point on the appeal by the city, and the sole point

raised on the cross-appeal by the landowners, involves the allowance of attorney fees to the landowners arising from the inverse condemnation proceeding. It must be emphasized that this case was filed by the landowners on the theory that the access rights of the landowners had been taken by the city and that, if the city did not see fit to condemn the plaintiffs' land in its entirety, then the landowners were entitled to damages for the access rights taken. In their original petition the plaintiff landowners pleaded three causes of action: The first cause of action was for a declaratory judgment seeking to have the district court declare that the barring of plaintiffs' access rights to the highway constituted the taking of plaintiffs' property without just compensation as required by the Fifth Amendment to the United States Constitution; the second cause of action asserted that the plaintiffs were entitled to have their properties condemned by the city; the third cause of action prayed that, in the alternative and in the event the city should not condemn the plaintiffs' property as requested in the second cause of action, the plaintiffs were entitled to recover from the city just compensation for the taking of their property. Thus, it is clear that the action filed in this case by the plaintiffs was to be used as a vehicle by which the district court might award damages to the plaintiffs for the loss of their access rights in the event a compensable taking of property was found by the district court. After entering its finding that there had been a taking of access rights by the city, the district court, with the consent of the parties, deferred determination of the amount of damages until the question of a compensable taking could be determined on appeal by the Supreme Court.

In *Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844, it was held that attorney fees and litigation expenses are not embraced within the concept of just compensation for land taken by eminent domain. It was further held that attorney fees and expense of litigation, other than court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party in the absence of a clear and specific statutory provision therefor, and our eminent domain statute (26-501 *et seq.*) contains no such specific provision. In *Schwartz,* the provision for an allowance of attorney fees in K.S.A. 26-509 was not invoked by the landowners. K.S.A. 26-509 provides for an allowance of attorney fees to the landowners *only where the condemnor*

*appeals the award* of the court-appointed appraisers and the jury renders a claim for the landowners in an amount greater than the amount of the award. In *Schwartz,* it was the landowners who appealed from the award of the appraisers and, hence, 26-509 had no application. In the recent case of *In re Central Kansas Electric Coop., Inc.,* 224 Kan. 308, 319, 582 P.2d 228 (1978), the court held in a condemnation appeal that attorney fees may be allowed to the condemnee under K.S.A. 26-509 only in those cases where the *condemnor* has appealed and the jury renders an amount greater than the appraisers' award. In that case, both parties appealed from the court-appointed appraisers' award. The landowners announced five minutes before going to trial that they were dropping their appeal. Under the circumstances, it was held that it was error for the trial court to allow attorney fees to the landowners when they had originally been appealing parties.

The trial court in this case awarded attorney fees on the basis that the city of Wichita was estopped as a matter of law and equity from asserting that the landowners were not within the terms of the Kansas condemnation act. After the case was affirmed by the court on the first appeal, the district court reasserted jurisdiction on February 1, 1977. The trial court concluded as a matter of law that after February 1, 1977, the proceedings were in substantially the same position as if the condemnor had appealed and the landowners prevailed. Therefore, the plaintiffs were entitled to reasonable attorney fees incurred after that date pursuant to K.S.A. 26-509. The court concluded that plaintiffs were not entitled to their attorney fees prior to that time. The landowners' claim of an estoppel was based upon the reasoning that, because counsel for the city had informed counsel for the landowners that the city would probably purchase the plaintiffs' property or initiate formal condemnation proceedings if a compensable taking was found and then reneged on that promise when federal and state authorities declined to make condemnation funds available, the landowners had changed their position and, therefore, the city was estopped to deny that K.S.A. 26-509 was applicable. We have concluded that there is no basis to establish an estoppel against the city in this case.

As noted above, in the original petition the landowners prayed in the alternative for a money judgment from the city as just compensation for the taking of their property. The trial court in

the original pretrial order specifically reserved for later determination, if necessary, the issue of damages including interest and attorney fees. It clearly appears that there was a bona fide dispute between the city and the landowners as to whether there had been a compensable taking of their access rights. The attorney for the city simply advised counsel for the landowners, by letter, that in the event a compensable taking was found, he would recommend that the city acquire the fee title to the property rather than pay the diminution in the value of plaintiffs' property. We find nothing in the record showing that the city *committed* itself to condemn plaintiffs' entire tract nor any basis on which the landowners could reasonably claim that they were prejudiced by reason of the city's decision not to condemn their property.

We find that, under the circumstances of this case, attorney fees were not recoverable by the landowners. K.S.A. 26-509 is applicable only to condemnation appeals taken from appraisers' awards under the provisions of K.S.A. 26-501 *et seq.* K.S.A. 26-509 is not broad enough to cover inverse condemnation cases and, hence, there is no clear statutory authority for the allowance of attorney fees to landowners in cases involving inverse condemnation. Although the legislature might have provided for the recovery of attorney fees in inverse condemnation actions, it failed to do so. Under all the circumstances, we find that the trial court erred in allowing attorney fees to the landowners for services rendered in the inverse condemnation action.

The judgment of the district court is affirmed in part and reversed in part. It is the judgment of this court that the plaintiffs, as landowners, are entitled to interest on the damages awarded by the jury at the rate of six percent (6%) from the agreed date of taking, July 16, 1975, to the date of judgment, May 16, 1979, and interest at the rate of eight percent (8%) from the date of judgment until date of payment. It is further the judgment of this court that the plaintiffs are not entitled to any recovery of attorney fees in this action.

HOLMES, J., not participating.