NOT DESIGNATED FOR PUBLICATION

No. 113,839

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In The Matter of the Estate of EUGENA F. POWELL, Deceased.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TIMOTHY G. LAHEY, judge. Opinion filed April 29, 2016. Affirmed.

*Tamara S. Powell*, appellant pro se.

*Martin D. Geeding*, of Geeding Law Offices, of Wichita, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*: Eugena F. Powell (Eugena) died intestate. A creditor sought to recover an outstanding judgment from the estate. Eugena's adult daughter, Tamara Powell (Tamara) objected, arguing that the nonclaim statute barred recovery and that the judgment included impermissible compound interest. The district court disagreed, allowing the claim, and Tamara appealed. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The current appeal represents the second dispute between a creditor of Eugena's estate and Tamara.

When Eugena's heirs failed to open her estate after she died intestate, Calvin Wiebe, the bankruptcy guardian ad litem for creditor Frederick Dean Rice II (collectively Wiebe-Rice), petitioned the district court for letters of special administration and the

1

appointment of a special administrator. Almost a decade before Eugena's death, Rice had obtained a default judgment against her, and she still owed him around $12,600. When the district court appointed the creditor's attorney as special administrator, Tamara objected, which led to the first appeal in this case. This court reversed the appointment and remanded the case for the district court to choose a new administrator in accordance with the statutory preferences and requirements. *In re Estate of Powell*, No. 109,772, 2014 WL 1612502, at *3-6 (Kan. App. 2014) (unpublished opinion). On remand, the district court appointed a new administrator.

A short time later, Tamara filed what she termed a petition, objecting to the creditor's demand against Eugena's estate. Tamara reasoned that the nonclaim statute barred Wiebe-Rice from collecting against the estate. After a hearing (the transcript of which is not included in the record on appeal), the district court determined that the nonclaim statute did not serve to bar Wiebe-Rice's claim against the estate.

In another filing, Tamara attempted to again challenge the creditor's demand, this time arguing that the original judgment against Eugena was invalid. Specifically, Tamara claimed that the prejudgment interest included in the total judgment ran afoul of our Kansas statutes. She also raised issues of fraud and ambiguity in the original contract between her mother and Rice's bail bonds business. The district court ultimately determined that the Wiebe-Rice demand against Eugena's estate was valid in the amount of $14,636.85. Tamara filed a premature notice of appeal.

In the meantime, and over Tamara's objections, the district court authorized sale of the estate's real property at auction. Funds from this sale served to satisfy Wiebe-Rice's demand against the estate.

ANALYSIS

As a preliminary matter, Wiebe-Rice contends that because proceeds from the real estate sale satisfied the underlying debt, Tamara's appeal is now moot. Wiebe-Rice alleges that because Tamara never attempted to stay or otherwise stop sale of the property, she cannot now object to the timing of the claim or the interest calculation because Wiebe-Rice no longer has a claim against the estate.

Generally, an appellate court will not "decide moot questions or render advisory opinions." *Smith v. Martens*, 279 Kan. 242, Syl. ¶ 1, 106 P.3d 28 (2005). For that reason, the mootness doctrine "recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights . . . actually involved in the particular case" and to determine those rights in an "operative, final, and conclusive" manner. 279 Kan. 242, Syl. ¶ 1. That said, "[a]n appeal will not be dismissed for mootness unless it is clearly and convincingly shown that the actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose and an idle act." *Farm Bureau Mut. Ins. Co. v. Carmody*, 32 Kan. App. 2d 754, 758, 88 P.3d 1250 (2004). Our review for a claim of mootness is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

A judgment rendered in a civil action in this state becomes a lien against the real property of a judgment creditor. K.S.A. 60-2202(b). And here, Wiebe-Rice had a valid judgment lien against Eugena's property. But after Eugena's death, Wiebe-Rice chose to pursue recovery of the debt through probate by presenting a claim against the estate. The sale of the property and satisfaction of the debt occurred only after the district court determined this claim to be valid. In fact, the petition for sale of the real estate specifically noted that there were insufficient personal funds in the estate to pay the outstanding claims. Given that the satisfaction of the debt stemmed from the exact claim that Tamara challenges, we are not willing to conclude, without further argument on the

issue than provided by the parties, that Tamara's appeal is moot. Instead, we will turn to the merits of her appeal.

*The nonclaim statute does not bar Wiebe-Rice's claim.*

In her first issue on appeal, Tamara contends that Wiebe-Rice's demand is barred by our Kansas nonclaim statute. Like with jurisdiction, interpretation of a statute is a question of law over which this court exercises unlimited review. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The statute at issue provides:

> "All demands, including demands of the state, against a decedent's estate . . . shall be forever barred from payment unless the demand is presented within the later of: (a) four months from the date of first publication of notice . . . or (b) if the identity of the creditor is known or reasonably ascertainable, 30 days after actual notice was given." K.S.A. 59-2239(1).

In simpler terms, the time period for filing a demand against an estate expires either 4 months after publication notice or 30 days after actual notice, whichever comes later. K.S.A. 59-2239(1). For that reason, the nonclaim statute is essentially "a special statute of limitations" that applies to almost all claims against an estate. *In re Estate of Reynolds*, 266 Kan. 449, Syl. ¶ 3, 970 P.2d 537 (1998). However, special rules apply if the creditor is known or reasonably ascertainable. Specifically, failure to provide one of those creditors with notice of the 4-month time period in K.S.A. 59-2239(1)(a) "will not bar the claim until actual notice is given" unless the creditor already had actual knowledge of the time limit. 266 Kan. 449, Syl. ¶ 6. In other words, the 4-month time limit is the default for all claims, but a special, second time period applies to known or reasonably ascertainable creditors who receive no notice of that period and must instead rely on actual notice. See 266 Kan. at 460.

4

Tamara's contention is uncomplicated: because Wiebe-Rice is a known creditor with "an intimate connection" to the judgment that originated the debt, their claim needed to be presented within 30 days of publication and not more than 2 months after. And in terms of her math, Tamara is correct. Here, publication occurred on December 11, 2012, and Wiebe-Rice filed the petition for allowance of demand 76 days later, on February 25, 2013. Certainly, this period exceeds the 30-day time limit presented in K.S.A. 59-2239(1)(b). But because the statute only expires when the *later* of the two stated time frames runs, Wiebe-Rice actually had until April 11, 2013, to present the demand. See K.S.A. 59-2239(1). In short, Tamara's argument simply misunderstands the statute.

Because Wiebe-Rice presented the demand within 4 months of publication notice, the claim against Eugena's estate is not time barred.

*The district court did not err in allowing postjudgment interest.*

Tamara also argues that the demand included compound interest in violation of our Kansas statutes. Although her brief is somewhat unclear, she appears to claim that the district court erred in ordering postjudgment interest at the time of the initial judgment because that amount also included prejudgment interest.

In crafting her argument, Tamara treats the interest in this case as conventional interest, or "interest arising out of a contract between the parties." *Herman v. City of Wichita*, 228 Kan. 63, 67, 612 P.2d 588 (1980). And the statute she relies on, K.S.A. 16-205(a), requires that judgments on these sorts of contracts "shall bear the same rate of interest or charges mentioned in the contract." Additionally, the statute provides that "the unpaid principal balance shall draw the contract rate of interest." K.S.A. 16-205(b)(1). In other words, the conventional interest will continue to accrue on the unpaid balance just as the parties originally agreed to. K.S.A. 16-205(a), (b)(1). However, because K.S.A. 16-205 never contemplated prejudgment interest, postjudgment interest in these types of

5

cases must be applied only to the existing unpaid balance. *D.A.N. Joint Venture III v. Turk*, 36 Kan. App. 2d 353, Syl. ¶ 5, 138 P.3d 1253, *rev. denied* 282 Kan. 788 (2006).

But in the present case, the contract that led to Eugena's debt includes no interest provisions. As such, the interest in this case falls outside the unique requirements of K.S.A. 16-205. And because "[p]rejudgment interest becomes a part of the judgment" and postjudgment interest is authorized by our Kansas statutes, there is nothing improper about the calculation of interest in the present case. *Iola State Bank v. Bolan*, 235 Kan. 175, 194, 679 P.2d 720 (1984). In fact, the prejudgment interest and other costs combined at judgment to essentially create a new principal to be paid—and, as a corollary, to accrue interest. See 235 Kan. at 194.

In short, the application of postjudgment interest in this case does not run afoul of our Kansas statutes.

Because the district court did not err, we affirm its decision in this case.

Affirmed.